ABIGAIL FLETCHER *v.* EDWIN W. DREW & ALS.

Where the taxes assessed exceed by not more than five per cent. the amount of the taxes authorized by the warrants of the State and county treasurer, the school law, and the votes of the town, it will be presumed, in the absence of evidence to the contrary, that the excess was added by the selectmen under the authority given them by section 4 of chapter 43, Revised Statutes, "to assess a sum not exceeding five per cent. more than the amount of such tax, to answer any abatements that may be made."

A failure to make a written agreement as to the compensation of a ·collector of taxes does not invalidate his appointment.

TRESPASS for assault and imprisonment. The defendant Flanders, acting as tax collector of Stewartstown, arrested the plaintiff and carried her to Lancaster, for the purpose of committing her to jail for refusing to pay the tax assessed against her in 1864 by the other defendants, who were acting selectmen of Stewartstown.

The following is an extract from the invoice book in which the taxes were assessed :

| | | |
|---|---:|---:|
| Whole amount of reduced value, | | $1,154 55 |
| 　　Amount of State tax, | $825 00 | |
| 　　Amount of county tax, | 388 89 | |
| 　　Amount of town tax, | 4,000 00 | |
| 　　Amount of road tax, | 150 00 | |
| 　　Total amount, | $5,363 89 | |
| 　　3 per cent. added, | 160 91 | |
| Total amount to be assessed, | | $5,524 80 |
| 　　Amount of State, county and town, | | |
| 　　　　assessed, | $5,567 26 | |
| 　　Amount of school money assessed, | 341 68 | |

The State, county and town taxes pay $4.80 on the dollar in the reduced value. The school tax pays 30 cents.

The tax assessed upon the plaintiff was : State, county and town, $24.00 ; school, $1.50 ; total, $25.50.

Subject to plaintiff's exceptions, the defendant Drew testified : "We made the addition of 3 per cent., and we figured it, it might have been, a few cents less than $4.80, and I supposed it would be within 5 per cent. to call it $4.80, and for convenience we called it so, as to the State, county and town taxes. No per cent. was added to the school tax, I think ; and we called it 30 cents on a dollar, thinking that would not make more than the amount we were authorized to assess. I supposed I was all right if we kept within 5 per cent. We called them $4.80 and 30 cents for convenience in making the computations."

The court ruled that if the $4.80 and the 30 cents were within the 5 per cent. limits, the assessment was not rendered invalid by anything in the foregoing extract from the invoice, and that it did not appear, as matter of law, that the assessment of the plaintiff's tax was illegal ; and plaintiff excepted.

The plaintiff waived the question of fact, whether the $4.80 and 30 cents were within the 5 per cent. limit.

There was evidence tending to show that when the collector was appointed his compensation was verbally agreed upon. The plaintiff objected that there was nothing in writing relating to the compensation. The court overruled the objection, and plaintiff excepted.

When the evidence was closed the court inquired of plaintiff's counsel what questions of fact they desired to be submitted to the jury, and they stated that there were none. Whereupon the court *pro forma* ordered a nonsuit, and plaintiff excepted.

*J. H. Benton, jr., Ray & Ladd,* for plaintiff.

*Fletcher & Heywood,* for defendants.

SMITH, J.   The record shows a legal assessment.  "In assessing such taxes the selectmen may assess a sum not exceeding five per cent. more than the amount of such tax, to answer any abatements that may be made, which shall be paid into the town treasury for the use of the town."   Rev. Stats. ch. 43, sec. 4.   The addition of three per cent. did not exhaust the power of the selectmen to add two per cent. more at any time before the completion of the assessment.   If the selectmen, in determining the amount, were not acting under the foregoing statute, they must either have been grossly transcending their powers and acting in flagrant violation of law, or, in the case of the State, county, town and road taxes, have committed an unaccountable clerical error, and, in the case of the school tax, have made a very singular arithmetical blunder.   But we think that, instead of presuming that the selectmen were proceeding illegally, the natural inference in the mind of any one familiar with the statute must be that the selectmen were acting under the authority expressly given them by law to do the very thing which they have done; see *Shackford* v. *Newington*, 46 N. H. 415, pp. 420, 422.   The presumption in the present case is hardly as violent as that which was made in *Gordon* v. *Norris*, 29 N. H. 198; see, also, *Jaquith* v. *Putney*, Sullivan, June Term, 1868; *Blake* v. *Sturtevant*, 12 N. H. 567, p. 572; 15 N. H. 222; 42 N. H. pp. 357–9; 17 N. H. 587, p. 592.

According to *Alvord* v. *Collin*, 20 Pick. 418, it would seem that if the selectmen had added more than five per cent. to the school tax, but less than five per cent. upon all the taxes in the aggregate, the assessment would still be valid.   It is unnecessary, however, to consider here the correctness of this position, for the plaintiff has in fact been assessed on *each* tax for a smaller sum than the selectmen were legally authorized to assess against her.

In the view that has been taken it does not become material to inquire whether Drew's testimony was properly admitted.

A failure to make a written agreement as to the compensation of a collector does not invalidate his appointment.   If the legislature, in enacting section 5 of chapter 36, Rev. Stats., had entertained a different intention, they would hardly have omitted to add to section 5 a provision similar in substance to the one contained in the next preceding section, viz. : "And in default thereof the office shall become vacant."   The addition of this clause to section 4, and the omission of any similar clause in section 5, is significant of the legislative intention.

                    *Judgment on the verdict.*